# Moss *v*. Lancaster & York Furnace Street Railway Company, Appellant.

*Negligence—Street railways—Passengers—Accident on connecting line —Tickets.*

Where a street railway company sells a return ticket to a point on another railway with which it is connected by intersecting switches and connecting wires, and runs a car operated by its own crew to the point in question, it will be liable in damages to a purchaser of a ticket who is injured by the negligence of the crew while the car is running on the connecting line.

Argued May 23, 1907.    Appeal, No. 192, Jan. T., 1907, by defendant, from judgment of the Superior Court, Oct. T., 1906, No. 186, affirming judgment of C. P. Lancaster Co., April T., 1905, No. 44 on verdict for plaintiff in case of Rebecca J. Moss v. The Lancaster & York Furnace Street Railway Company.    Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ.    Affirmed.

Appeal from judgment of Superior Court.

The opinion of the Superior Court by ORLADY, J., was as follows:

There was sufficient evidence in this case to warrant the jury in concluding that the defendant company agreed to carry the funeral party, of which the plaintiff was a member, from Lancaster to Mount Nebo.    A special rate of fare was exacted and paid, and while the special tickets appear on their face to be good only from Lancaster to Martic Forge and return, the car in which the party was carried to Mount Nebo was under the personal charge of the defendant's superintendent, and its crew consisted of a conductor, motorman and sander.

The principal contention of the appellant is that there is no evidence to show that the defendant company had any authority to run their car over the line from Martic Forge to Mount Nebo, it being a road owned by an independent company, and that the running of the car from Martic Forge to Mount Nebo " was beyond the scope of the power and authority of either the superintendent or president of the defendant com-

pany, and even though the facts were found that the superintendent did run, and the president agreed to its running, such agreement and their action would not be binding upon the defendant." The defendant's superintendent and crew did in fact run the car from Martic Forge to Mount Nebo in consideration of the fare paid by the passengers in that car, and on the return trip while in full control of the car were so negligent in their management of it as to cause the accident in which the plaintiff was injured. The roads were connected with intersecting switches and connecting trolley wires so as to make a continuous system.

It is conceded that the party was carried from Lancaster to Millersville over an independent road, and it would be unreasonable to exact of one who pays fare to a destination to inquire into the charter rights of the carrying company throughout the course of travel where the defendant's officers, whose negligence caused the accident, had entire charge of the power propelling it. The apportionment of equities and liabilities between the several roads over which the car was run may well be left to be adjusted by the companies themselves.

The Lancaster & Southern Railway Company (from Martic Forge to Mount Nebo) did not contribute to the accident to this plaintiff—its roadbed was intact, but the car was so recklessly managed that the crew lost control of it on a grade, and then abandoned it by jumping from it.

In the light of the proof, which was clear and practically undisputed, this plaintiff paid the fare asked by the defendant and was not simply presumably a passenger, but was properly to be considered as one in the legal sense of the word. The disputed questions of fact as to the cause of the accident were carefully left to the jury in a full and adequate charge.

The assignments of error are overruled and the judgment is affirmed.

*Error assigned* was the judgment of the Superior Court.

*W. U. Hensel,* with him *J. H. Byrne* and *A. F. Hostetter,* for appellant.

*C. E. Montgomery* and *G. Ross Eshleman,* with them *Leo Macfarland,* for appellee.

OPINION BY MR. JUSTICE BROWN, June 3, 1907:

The Lancaster and York Furnace Street Railway Company owns and operates a trolley road from Millersville through Martic Forge to York Furnace, in the county of Lancaster. At Martic Forge the road of the Lancaster and Southern Railway Company connects with it. This road runs southwardly through Mount Nebo. On March 21, 1905, the plaintiff below, with a number of other persons, went from Lancaster to Mount Nebo to attend a funeral. According to the testimony offered by her, arrangements had been made with the president of the defendant company to carry the funeral party from Lancaster to Mount Nebo for fifty-five cents for the round trip. The defendant evidently had some traffic contract with the Conestoga Traction Company, operating a street railway from Lancaster to Millersville, for, under the tickets issued to them by the defendant, the party were carried over this road to Millersville, where they took the car of the defendant at the point of its connection with the line of the Conestoga Traction Company. Upon reaching Martic Forge the car was switched over to the tracks of the Lancaster and Southern Railway Company and taken to Mount Nebo. On a steep down grade, on the return trip, the accident occurred in which the plaintiff was injured.

The undisputed facts are that when the car reached Martic Forge it was switched over on the tracks of the Lancaster and Southern Railway Company by the employees of the defendant—the same motorman and conductor that had brought it from Millersville—and this in the presence of its superintendent. He had come with them from Millersville; he rode with them over the Lancaster and Southern road to Mount Nebo, started back with them on the return trip and jumped with them from the car when it got beyond their control.

On this appeal from the judgment against it for its negligence the appellant contends that the running of its car over the tracks of the Lancaster and Southern railway was beyond the scope of the power or authority of either its superintendent or president, and, therefore, " even though the fact were found that the superintendent did run and the president agreed to its running over this road, such agreement and their action under it would not be binding upon the defendant." For this reason we are asked to reverse the judgment. This, in ef-

fect, means that before the plaintiff trusted herself to the employees of the defendant in running its car over the tracks of the other company, she ought to have inquired whether the president and superintendent had been duly authorized by the board of directors to use the tracks of that company. But little consideration was given this by the Superior Court. We cannot give it more. When the appellant received the plaintiff in its car at Millersville she became its passenger under an express contract with its president to carry her not only to Martic Forge, but to Mount Nebo. Upon reaching Martic Forge it did not transfer her to a car of the Lancaster and Southern Railway Company, but, keeping her in its own car, switched the same over onto the tracks of the independent company for the purpose of being taken by its own superintendent, conductor and motorman to the place of the funeral; and the superintendent testified that the car was put upon the other tracks in pursuance of information from his superior officers. Under the circumstances, the plaintiff was as much the passenger of the defendant company when the car started over the tracks of the Lancaster and Southern Railway Company as she had been between Millersville and Martic Forge. The tracks of the Lancaster and Southern Railway Company were made the tracks of the defendant company pro hac vice by its president and superintendent, and for its negligence while running its car over them, its responsibility is just what it would have been if the accident had occurred between Millersville and York Furnace.

Judgment affirmed.